### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLAIR LOVERIDGE,

       Petitioner,

v.                      Civil Action No. 1:06CV6
                         Criminal Action No. 1:03CR63
                         (Judge Keeley)

UNITED STATES OF AMERICA,

       Respondent.

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

On January 6, 2006, the pro se petitioner, Clair Loveridge ("Loveridge"), filed a motion pursuant 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Civ. Act. No. 1:06cv6, dkt. no. 1; Crim. Act. No. 1:03cr63, dkt. no. 55). The motion was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Standing Order No. 4 and pursuant to Local Rule of Prisoner Litigation 83.15. The United States filed its answer on June 29, 2006, to which Loveridge replied on July 20, 2006. Loveridge subsequently filed three addenda in support of his claims.

After reviewing the motion, Magistrate Judge Kaull filed a Report and Recommendation ("R&R") on August 30, 2007. The Court subsequently granted a motion by Loveridge to extend the time to file objections, and on September 12, 2007, and again on October 12, 2007, Loveridge timely filed objections to the R&R.

## ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

In his § 2255 petition, Loveridge asserts six grounds for relief. They include:

(1) that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with a full understanding of the nature of the charge and the consequences of the plea because

> (a)  counsel "forged" the date the petitioner signed the plea agreement, and

> (b)  Loveridge thought there would not be any enhancements for the dismissed counts;

(2) that his conviction was obtained by use of an unlawful arrest because ATF Agent Robinson lied to the Magistrate Judge to obtain the arrest warrant;

(3) that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant;

(4) that he received ineffective assistance of counsel because

> (a)  counsel lacked the necessary experience to handle the case,

> (b)  counsel failed to speak to a single witness or police officer,

> (c)  counsel failed to call an explosives expert,

> (d)  counsel forged the dates on the plea agreement,

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION**

(e)  counsel failed to object to incorrect base level,

(f)  counsel was not prepared at sentencing,

(g)  counsel failed to provide the petitioner with a
copy of ATF lab reports;

(5) that he was denied the right to appeal because of the appellate waiver he signed, although he did not understand the consequences of the waiver; and

(6) that his sentence was improperly enhanced pursuant to United States v. Booker, 543 U.S. 220 (2005).

In his R&R, the magistrate judge recommended that Loveridge's § 2255 motion be denied and that the case be dismissed.  For the reasons that follow, the Court **ADOPTS-IN-PART** and **VACATES-IN-PART** the R&R and **REMANDS** ground four to the Magistrate Judge for further consideration of Loveridge's claim of ineffective assistance of counsel.

## I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.  Plea Agreement and Hearing

In the plea agreement Loveridge signed on April 20, 2004, he agreed to plead guilty to Count Five of the Indictment. That count charged him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  The Court conducted a change

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

of plea hearing on April 27, 2004, during which it questioned
Loveridge regarding his ability to knowingly and competently enter
into the plea agreement. It ascertained that Loveridge was a 44-
year high school dropout who had obtained a General Equivalency
Diploma (GED) and could read. Furthermore, Loveridge stated under
oath that he was not under the influence of alcohol or illegal
drugs during the plea hearing, although he had recently taken a
Sudafed sinus pill. Loveridge also confirmed that he could see and
hear, that he understood why he was in court, and that it was his
signature on the plea agreement.

Importantly, for the purposes of this appeal the plea
agreement included a waiver of Loveridge's right to appeal or
collaterally attack the sentence. Specifically, paragraph ten of
the agreement stated:

> 10. Mr. Loveridge is aware that Title 18, United States
> Code, Section 3742 affords a defendant the right to
> appeal the sentence imposed. Acknowledging all this, the
> defendant knowingly waives the right to appeal any
> sentence within the maximum provided in the statute of
> conviction (or the manner in which that sentence was
> determined) on the grounds set forth in Title 18, United
> States Code, Section 3742, in exchange for the
> concessions made by the United States in this plea
> agreement. The defendant also waives his right to
> challenge his sentence or the manner in which it was
> determined in any collateral attack, including but not
> limited to, a motion brought under Title 28 United States

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

Code, Section 2255.  The United States waives its right
to appeal the sentence.  The parties have the right
during any appeal to argue in support of the sentence.

At the April 27, 2004 hearing, the Government summarized the
terms of the plea agreement, following which Loveridge agreed that
the summary accurately reflected his understanding of the plea
agreement.  The Court also confirmed that Loveridge had reviewed
and discussed the plea agreement with his attorney prior to signing
it.

The Court then proceeded again to ask Loveridge if he
understood and agreed with the terms of the plea agreement.
Loveridge stated he did have a question about 18 U.S.C. § 3742 and
28 U.S.C. § 2255, indicating that he had not discussed these
sections with his attorney.  The Court then explained these
provisions to Loveridge, stating:

> What's going on here is that as part of your agreement
> with the United States you are agreeing to give up or
> waive, that's the legal term, but it means to give up
> your right to appeal the sentence that you receive in
> this case or to collaterally attach the sentence that you
> get.  All right.  So if you are sentenced within the
> statutory maximum—now in this case there's an issue there
> because we do not know—I don't anyway know what your
> criminal history is but according to the terms of the
> plea agreement the statutory maximum is either ten years,
> meaning it's capped at ten years, or a minimum of fifteen
> years if you are determined to be an armed career
> criminal.  Now to be an armed career criminal you would

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION**

> have to have three prior felony convictions for violence,
> okay, like a crime of burglary, using a gun in connection
> with a crime, something like that.  I don't know your
> background and I don't know if you and Mr. Walker have
> talked about that but if you want an opportunity to talk
> to him about that right now, that's fine with me because
> I don't want to proceed if you're uncertain or confused
> about this particular issue.  But according to the terms
> of the plea agreement, if you get a sentence within the
> statutory maximum, you're giving up your right to appeal
> that sentence to a higher court.

Transcript of Plea Hearing ("Trans.") at 15-16, U.S. v. Loveridge,

1:03cr63-1.  Following this explanation, the following exchange

occurred:

> **Mr. Walker** (petitioners' counsel): Mr. Loveridge and I have
> discussed paragraph number ten.  I think when he referred to
> what we didn't – what he wasn't aware of would be that I have
> not given him a copy of Title 18, Section 3742 or Title 28,
> Section 2255.

> **The Court:** Oh, the sections of the Code.

> **Mr. Walker:** I did not actually provide him with copies of the
> Code . . .

> **The Court:** Do you want to see those sections, Mr. Loveridge?

> **Mr. Walker:** Beyond that, Your Honor, I want Mr. Loveridge to
> be fully informed and I've been working with him over the past
> couple of weeks so that I could answer every single question
> that he may have or suggest to me that he has about this
> agreement.  So I'm happy at this time to show him copies of
> those statutes if he would like and I essentially explained
> the appeal rights and waiver of provisions with Mr. Loveridge
> in the same way the Court did.  As a general matter he would
> be waiving his right to appeal unless the Court imposed a
> sentence outside the statutory maximum, which it's my belief

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

Mr. Loveridge and I have discussed the ten years in this case. Mr. Loveridge and I have discussed the issue of his criminal history at length in a very detailed and exhaustive fashion, including recruiting the services of my investigator to independently investigate and research that, so that's something that we have discussed and I think he's fully informed about it.

**The Court:** Okay.

**Mr. Walker:** At this time, Your Honor, at Mr. Loveridge's request, I'll let him see those sections.

**The Court:** All right, that's fine.

(Pause)

**Mr. Walker:** Thank you for giving us that opportunity, Your Honor.  I've reviewed the critical portions of both of the statutes that Mr. Loveridge brought up.  I essentially restated what the Court told Mr. Loveridge, that as a general proposition, people in his position have a right to appeal but due to the waiver provision in the plea agreement, he's going to give up a number of those rights to appeal; told him that there are certain exceptions; a sentence that's imposed in excess of the statutory maximum, also if he believed the Court doesn't have jurisdiction in the first place to listen to the case, he would still retain his right to appeal because that can never be waived.

**The Court:** Right.

**Mr. Walker:** And then, finally, anything that would relate to my failure to perform, ineffective assistance of counsel.  So he's – he's aware of the rights.  He's aware of the nature of the waiver and he's aware of the exceptions to the waiver.  I think he'll tell the Court the same thing.

**The Court:** All right.  Mr. Loveridge, do you agree with what your lawyer just said?

## ORDER ADOPTING-IN-PART AND VACATING-IN-PART
## THE MAGISTRATE JUDGE'S RECOMMENDATION
## AND REMANDING FOR FURTHER CONSIDERATION

**The Defendant** (Loveridge): I do, Your Honor.

Trans. at 16-18.

The Court then informed Loveridge of the ten-year statutory
maximum for a conviction for Count Five. The Court cautioned
Loveridge, however, that, after investigation by probation, the
Court could decide that Loveridge's criminal history subjected him
to a statutorily-enhanced sentence as an armed career criminal.
The Court further explained that, were such an enhancement
applicable, the statutory maximum of ten years would no longer
pertain to his sentence, and, instead, he would be subject to a
mandatory minimum sentence of fifteen years. The Court explained
that, in the event this occurred, Loveridge would retain his
appellate rights. At that point, Loveridge asked the Court to
repeat the explanation, and the following exchange occurred:

> **The Court:** Sure. You understand that if you're not an armed
> career criminal the ten-year statutory maximum is the outer
> limit of any sentence you could receive, right?

> **The Defendant:** I do.

> **The Court:** Okay. Now you don't think you're an armed career
> criminal; neither does Mr. Walker, but I'm the one who makes
> the final decision on that and I'm going to talk to the
> probation officer, who's going to be researching your history.
> If he comes back to me and says, you know, Judge, I think
> they're wrong, I think he is an armed career criminal, then I

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

would give you all notice of that.  You would know it anyway
because you're going to see the presentence report before I
do, okay.  We'd have a hearing.  If at the end of that
hearing, and I'm just positing the worst case here, I were to
say to you, you know what, Mr. Loveridge, I agree with the
probation officer and I'm going to sentence you to a mandatory
minimum of fifteen years here, okay?  That means that you --
your waiver of your appellate rights is no longer something
you have to live by.  You would be allowed to appeal my
decision based on that armed career criminal issue to a higher
court.  You'd have you appellate right on that one.  Okay?
Does that make sense to you now?

**The Defendant:** I understand that now.

**The Court:** Okay.  You're ready to move on?  Do you need any
further explanation of that?

**The Defendant:** No, that's fine, Your Honor.

Trans. at 22-23.

After reviewing other aspects of the plea agreement with
Loveridge, the Court again confirmed two more times that he
understood that he was waiving his right to appeal or collaterally
attack his sentence if his sentence was within the ten year
statutory maximum sentence.  Each time, Loveridge confirmed that he
understood what rights and privileges he was giving up by pleading
guilty.  Ultimately, his attorney also stated that, based on his
discussions with his client, he believed Loveridge understood the
full consequences of pleading guilty.

ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION

After the Government presented testimony establishing a
factual basis for Loveridge's plea, the Court took Loveridge's
guilty plea and found 1) that he was competent and capable of
entering an informed plea, 2) that his plea to Count Five was
freely and voluntarily made, and 3) that he knew what he was doing
by entering the plea.  The Court also found that Loveridge was
aware of the consequences of his plea and that there was a factual
basis for the plea.  After making these findings, the Court then
accepted Loveridge's guilty plea to Count Five.

**B.  Sentencing and Appeal**

On August 12, 2004, the Court sentenced Loveridge to 120
months, or ten years, of incarceration, the statutory maximum for
his count of conviction. Loveridge then filed a direct appeal of
his conviction on August 25, 2004, which the Fourth Circuit Court
of Appeals dismissed on July 6, 2005.

**C.  The Magistrate Judge's Report and Recommendation**

In his R&R, Magistrate Judge Kaull concluded that Loveridge
had validly waived his right to collaterally attack his sentence
through the filing of a § 2255 petition, and, accordingly, he
recommended a finding that Loveridge had waived his basis for

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

appeal on grounds one, two, three, four and five. Thus, the
Magistrate Judge recommended denying the petition on those grounds.

Specifically, Magistrate Judge Kaull found that a waiver of
appellate rights in a valid plea agreement is enforceable if the
waiver is knowing and intelligent. See United States v. Attar, 38
F.3d 727, 731 (4th Cir. 1994). Such waiver may extend to the right
to collaterally attack a sentence, so long as it too is knowing and
voluntary. U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Magistrate Judge Kaull further found that, in Attar, the
Fourth Circuit Court of Appeals held that valid waivers of
appellate rights preclude claims of ineffective assistance of
counsel when the alleged acts occurred prior to the plea hearing.
38 F.3d at 732. Attar noted, however, that a defendant "cannot
fairly be said to have waived his right to appeal his sentence on
the ground that the proceedings following the entry of the guilty
plea were conducted in violation of the Sixth Amendment right to
counsel." Id. Accordingly, a defendant does not waive his direct
appeal rights to bring claims of ineffective assistance of counsel
for representation that occurred after the plea hearing, such as
during sentencing.

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

The Magistrate Judge then acknowledged that the Fourth Circuit Court of Appeals has not directly addressed whether a defendant can waive his or her right to collaterally attack a sentence by claiming that counsel provided ineffective assistance post-plea. He did, however, adopt the reasoning from an opinion of a district court in the Western District of Virginia that held "collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." <u>Braxton v. U.S.</u>, 358 F.Supp.2d 497 (W.D.Va. 2005). The Magistrate Judge concluded from this that all of Loveridge's ineffective assistance of counsel claims could be waived unless they called into question either the validity of the plea agreement or its § 2255 waiver provision.

Looking to those claims, the Magistrate Judge acknowledged Loveridge's contention that he had not understood the consequences of his waiver. Nevertheless, he found that the transcript of the plea hearing clearly established otherwise. The record documented the fact that the Court had explained the nature and consequences of his waiver to Loveridge on at least three different occasions during his plea hearing. He further noted that Loveridge was not

12

contending that, but for the waiver, he would not have pled guilty. Thus, he concluded that Loveridge's waiver was valid and that Loveridge, therefore, had waived grounds one, two, three, four and five in his petition.

Finally, with regard to Loveridge's assertion that his sentence violated <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Magistrate Judge found that claim meritless because Booker does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005). Accordingly, he recommended that the Court deny Loveridge's § 2255 motion and dismiss his case in its entirety from the docket.

### D.  Loveridge's Objections

The Magistrate Judge issued his R&R on August 30, 2007, and informed the parties that any objections should be filed within ten days of being served. Loveridge was served with the R&R on September 4, 2007, and, on September 10, 2007, filed a motion to extend time in which he could file objections. The Court granted the motion, and Loveridge subsequently filed two sets of objections within the time frame provided by the Court.

Both sets of objections address the same issue, namely whether Loveridge's plea was "knowing and voluntary" and, thus, whether the

waiver of his right to collaterally attack his sentence through a
§ 2255 motion was valid. According to Loveridge, he was confused
about his rights and told the Court so; thus, he argues, the Court
should not have found that he knowingly and intelligently had
agreed to waive his § 2255 rights.  While admitting that he did not
know what sentence he was facing "and neither did anyone else," he
nevertheless contends he should have been able to appeal the
enhancement for destructive devices that he received at sentencing.

Loveridge further contends that "there are certain rights that
can never be waived," among which is a claim of ineffective
assistance of counsel.  He also points to the fact that, during his
plea hearing, his attorney informed him that he would not be
waiving this right.  Accordingly, he concludes that he could not
have "knowingly and voluntarily" waived his right to bring
ineffective assistance of counsel claims.

## II.  ANALYSIS

The Court's review of Loveridge's objections to the Magistrate
Judge's recommendation to deny grounds one through five of his §
2255 petition is <u>de</u> <u>novo</u>.  <u>See</u> 28 U.S.C. § 636(b)(1) (district
court judges "shall make a <u>de</u> <u>novo</u> determination of those portions
of the [magistrate judge's] report or specified proposed findings

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

or recommendations to which objection is made."); Fed. R. Civ. P. 72(b) ("The district judge must determine <u>de novo</u> any part of the magistrate judge's disposition that has been properly objected to.").

As a preliminary matter, the Court notes that in Loveridge's plea agreement he unambiguously agreed to waive "his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, Section 2255," if his sentence falls "within the maximum provided in the statute of conviction." Because his sentence of 120 months is "within the maximum provided in the statute of conviction," when judged solely by the terms of his plea agreement, it is clear that Loveridge waived his right to collaterally attack the sentence.

A defendant may only waive his right to collaterally attack his conviction and sentence, however, if such waiver is "knowing and voluntary." <u>Lemaster</u>, 403 F.3d at 220. In determining whether the waiver in this case meets this standard, the Court must evaluate Loveridge's allegations to determine if they are "so palpably incredible, so patently frivolous or false as to warrant summary dismissal." <u>Id.</u> (<u>quoting</u> <u>U.S. v. White</u>, 366 F.3d 291, 296

15

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION**

(4th Cir. 2004) (internal quotations omitted).  If not, then an evidentiary hearing on the allegations should be conducted.  <u>Id.</u>

Despite this seemingly stringent test, the Fourth Circuit has held that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity," and, thus, "present a formidable barrier in any subsequent collateral proceedings."  <u>Id.</u> at 221, <u>quoting</u> <u>White</u>, 366 F.3d. at 295 (internal quotations omitted) (alterations in original). Therefore, unless extraordinary circumstances exist, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" <u>Id.</u> (<u>citing</u> <u>Crawford v. U.S.</u>, 519 F.2d 347, 350 (4th Cir. 1975)). Accordingly, a district may, without conducting an evidentiary hearing, "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made at a Rule 11 plea hearing.  <u>Id.</u> at 222.

**A.  Grounds One, Two, Three, and Five**

In grounds one, two and three, Loveridge asserts that unlawful actions taken by his counsel, the prosecutor, and the ATF Agent who investigated his case should now be considered by the Court as a

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

basis for vacating his sentence.  Specifically, in ground one, he contends that his guilty plea was unlawfully induced, or not voluntarily made, because the date on the plea agreement was "forged" by Loveridge's counsel and because Loveridge did not think there would be an enhancement for the dismissed counts.  In ground two, Loveridge argues that the arrest warrant in his case was unlawful, and in ground three, he urges the court to find misconduct by the prosecutor for allegedly failing to disclose evidence.

In ground five of his petition, Loveridge asserts that he was denied the opportunity to appeal his sentence because he did not understand the consequences of the waiver provision that he signed as part of his plea agreement.

Because by the terms of his plea agreement Loveridge waived his right to collaterally attack his sentence, grounds one, two, three and five are all barred if Loveridge waived his right in a knowing and voluntary fashion.  Loveridge's contention that his waiver was not knowing and voluntary may only be summarily dismissed if it is found to be 'palpably incredible' or 'patently frivolous or false.'  See Lemaster, 403 F.3d at 221.

### ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

The extensive colloquy between the Court and Loveridge, that at times also involved his attorney, regarding Loveridge's waiver of his rights to appeal and to collaterally attack his sentence establishes that Loveridge 1) understood the waiver of his right to collaterally attack his sentence when he entered his guilty plea, and 2) knowingly agreed to the terms of his plea agreement at the Rule 11 plea hearing.  The following exchanges at the plea hearing support this conclusion.

First, early in the plea hearing the Court asked the Government, through its attorney, Assistant United States Attorney Zelda Wesley, to summarize the plea agreement.  As part of that summary, Ms. Wesley stated:

> The defendant also waives the right to appeal any sentence within the maximum provided in the statute of conviction, or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 18, United States Code, Section 2255.

Trans. at 13.  After Ms. Wesley finished her summary, she tendered the original plea agreement to the Court, who then engaged in the following exchange with Loveridge:

> **The Court:** Before you signed this plea agreement, did you have an opportunity to sit down and talk to Mr. Walker about it?

> **Loveridge:** Yes, I have, Your Honor.

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION**

---

> **The Court:** All right.  And does the plea agreement that's just
> been reviewed with me reflect your understanding of what you
> and the Government have agreed to?
>
> **Loveridge:** Yes, Your Honor.

Trans. at 14.  Loveridge then indicated that he still felt somewhat

confused about the waivers of his appellate and collateral attack

rights.  In response, the Court allowed Loveridge's attorney

additional time to discuss the applicable statutes with him.  The

Court then engaged in a long conversation with Loveridge,[1] in which

it further  reviewed the impact on Loveridge's case of his waiver

of appellate and collateral attack rights.  It also discussed the

circumstances under which Loveridge would retain those rights.

That discussion concluded when Loveridge verbally confirmed that he

understood the rights he was waiving, and that he was knowingly

agreeing to do so.  Trans. at 18-19.

The Court then proceeded to review various other aspects of

the plea agreement, and again questioned Loveridge about his

understanding of the waivers.

> **The Court:** Do you understand that, in some circumstances, as
> I explained earlier, you or the Government would usually have
> a right to appeal the sentence but under the terms of your

---

[1]     Quoted earlier at page 9.

## ORDER ADOPTING-IN-PART AND VACATING-IN-PART
### THE MAGISTRATE JUDGE'S RECOMMENDATION
### AND REMANDING FOR FURTHER CONSIDERATION

plea agreement if you are sentenced to the ten year statutory maximum or anything below that, you are giving up your right to appeal your sentence or to collaterally attack it by filing a petition for writ of habeas corpus?

**Loveridge:** I do.

Trans. p. 28. Finally, at the conclusion of the plea hearing, the Court found that Loveridge was competent and capable of entering an informed plea, that the plea was freely and voluntarily made and that he was "aware of the consequences of this plea." Trans. p. 47.

A review of the transcript of Loveridge's Rule 11 hearing leads inescapably to the conclusion that his present assertions that his waiver of his collateral attack rights was not knowing and voluntary are "palpably incredible" and "patently frivolous or false" because they directly contradict his sworn testimony at his plea hearing. See Lemaster, 403 F.3d at 221. Accordingly, grounds one, two, three, and five may be summarily dismissed without an evidentiary hearing. Id. The Court, therefore, **ADOPTS** the Magistrate Judge's R&R as to grounds one, two, three and five, and **DISMISSES** those grounds with prejudice in light of Loveridge's knowing and voluntary waiver of his collateral attack rights.

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART
THE MAGISTRATE JUDGE'S RECOMMENDATION
AND REMANDING FOR FURTHER CONSIDERATION**

### B.  Ground Four

Ground four alleges various claims of ineffective assistance by Loveridge's defense counsel.  The Court cannot dismiss these claims as having been knowingly and voluntarily waived by Loveridge because the record clearly establishes that, despite the waiver of his collateral attack rights in his plea agreement, Loveridge believed he retained his right to bring an ineffective assistance of counsel claim.

In his written objections, Loveridge correctly notes that, during the plea hearing, his attorney stated explicitly that such claims were not being waived.  In reporting to the Court on his conversation with Loveridge regarding the waivers, Mr. Walker explained:

> **Mr. Walker:**  I essentially restated what the Court told Mr. Loveridge, that as a general proposition, people in his position have a right to appeal but due to the waiver provision in the plea agreement, he's going to give up a number of those rights to appeal; told him that there are certain exceptions; a sentence that's imposed in excess of the statutory maximum, also if he believed the Court doesn't have jurisdiction in the first place to listen to the case, he would still retain his right to appeal because that can never be waived.
>
> **The Court:** Right.
>
> **Mr. Walker:** <u>And then, finally, anything that would relate to my failure to perform, ineffective assistance of counsel.</u>  So

## ORDER ADOPTING-IN-PART AND VACATING-IN-PART
## THE MAGISTRATE JUDGE'S RECOMMENDATION
## AND REMANDING FOR FURTHER CONSIDERATION

he's – he's aware of the rights.  He's aware of the nature of the waiver and he's aware of the exceptions to the waiver.  I think he'll tell the Court the same thing.

**The Court:** All right.  Mr. Loveridge, do you agree with what your lawyer just said?

**The Defendant** (Loveridge): I do, Your Honor.

Trans. at 18 (emphasis added).

Because Loveridge's attorney explicitly informed him at the Rule 11 hearing that the waiver contained in paragraph 10 the plea agreement did not extend to claims of ineffective assistance of counsel (a statement unchallenged by the government at that plea hearing), the Court concludes that Loveridge did not waive such right when he entered into his plea agreement with the Government.

The Court therefore **VACATES** the Magistrate Judge's R&R as it applies to Loveridge's claims of ineffective assistance of counsel in ground four of the petition, and **REMANDS** those claims to the Magistrate Judge for further consideration.

### C.  Ground Six

Loveridge did not object to the Magistrate Judge's findings on ground six regarding whether Loveridge's sentence was impermissibly enhanced under <u>Booker</u>, and, accordingly, the Court **ADOPTS** the Magistrate Judge's reasoning and **DISMISSES** that claim on the basis

**ORDER ADOPTING-IN-PART AND VACATING-IN-PART**
**THE MAGISTRATE JUDGE'S RECOMMENDATION**
**AND REMANDING FOR FURTHER CONSIDERATION**

that <u>Booker</u> does not apply retroactively to cases on collateral review.  See <u>Morris</u>, 429 F.3d. at 66.

### III.   CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as to grounds one, two, three, five and six, and **DISMISSES WITH PREJUDICE** Loveridge's § 2255 petition motion to vacate, set aside or correct his sentence on those grounds.   The Court, however, **VACATES** the Report and Recommendation as to ground four of Loveridge's § 2255 petition and **REMANDS** that ground to the Magistrate Judge for review of the underlying claims of ineffective assistance of counsel.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this order to counsel of record, the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested, and the appropriate agencies.

DATED: April 17, 2008.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE